IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| ERIC LEONARD LITTLE, AIS #186353, | ) |
| | ) |
| Petitioner, | ) |
| | ) |
| v. | ) Case No. 2:21-cv-383-RAH-CSC |
| | ) (WO) |
| DEBORAH TONEY, *et al.*, | ) |
| | ) |
| Respondents. | ) |

**RECOMMENDATION OF THE MAGISTRATE JUDGE**

Before the court is state prisoner Eric Leonard Little's petition for a writ of habeas corpus under 28 U.S.C. § 2254 alleging that the Alabama Board of Pardons and Paroles ("the Board") deprived him of due process when setting the date of his initial parole consideration. (Doc. 1.) For the reasons discussed below, the court finds that Little's petition should be dismissed as untimely under the one-year statute of limitations in the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA").

**I. BACKGROUND**

In February 2004, the Circuit Court of Montgomery County sentenced Little to three concurrent life sentences upon his conviction in that court for the offenses of first-degree rape, first-degree sodomy, and first-degree burglary. (Doc. 13-5 at 29–30.)

On March 14, 2005, the Board sent Little a notification letter informing him that his initial parole consideration date was tentatively set for the Board's December 2018 docket. (Doc.13-2.) The Board determined that date using its "85% or 15-Year Rule," which

requires any inmate convicted of a sex crime to serve 85% of his total sentence or 15 years, whichever is the lesser, before his initial parole consideration.[1]

### A.     First Petition for Common Law Writ of Certiorari (August 2012)

On August 29, 2012, over seven years after the Board notified Little of his initial parole consideration date, Little filed a petition for a common law writ of certiorari in the Circuit Court of Montgomery County arguing that the Board's 85% or 15-Year Rule did not apply to him and that the date of his initial parole consideration should be set according to the Board's "One-Third or 10-Year Rule," which provides that the Board may not grant parole to any prisoner who has not served at least one-third or 10 years of his sentence, whichever is the lesser, except by a unanimous affirmative vote of the Board.[2] (Doc. 13-5 at 43–51.)

On December 30, 2013, the circuit court dismissed Little's petition for common law writ of certiorari. (*Id*. at 68–69.) Little appealed, and on May 23, 2014, the Alabama Court of Criminal Appeals dismissed his appeal based on his failure to file an appellate brief. (*Id.* at 70–71; Doc. 13-8.) Little did not apply for rehearing or seek certiorari review in the Alabama Supreme Court.

---

[1] Under Ala. Code § 15-22-37(c) (amended May 18, 2015 and June 6, 2019) at the time of Little's sentencing, the Board would not consider for parole an inmate convicted of, among other crimes, first-degree rape and first-degree sodomy who had not served 85% or 15 years of his sentence, whichever is less. The latest codification of the 85% or 15-year Rule is set out in Ala. Code § 15-22-28(e)(2)a., e (2023).

[2] *See* Ala. Code § 15-22-28(c) (amended May 18, 2015 and June 6, 2019); Ala. Code § 15-22-28(e)(3) (2023).

**B.       Initial Parole Consideration (January 2019)**

On January 23, 2019, the Board held Little's initial parole consideration hearing. (Doc. 13-3.) After reviewing Little's parole file, the Board denied him parole and tentatively set his next parole consideration date for January 2023. (*Id.*). On January 25, 2019, the Board sent Little a notification letter informing him of its decision denying him parole. (Doc. 13-4.)

**C.       Second Petition for Common Law Writ of Certiorari (March 2020)**

On March 31, 2020, Little filed a second petition for common law writ of certiorari in the Circuit Court of Montgomery County, arguing that the Board violated his rights by basing his initial parole consideration date on the 85% or 15-Year Rule, and by failing to conduct his initial parole consideration when he had completed 10 years of his sentence using the One-Third or 10-Year Rule (as Little interprets that rule).[3] (Doc. 13-5 at 4–13.) Little requested that the Board reschedule him for a new parole consideration and account for the "excess period of incarceration" he said he had served. (*Id*. at 12.)

The circuit court dismissed Little's petition for common law writ of certiorari on May 22, 2020, and Little appealed. (Doc. 13-22 at 81.) On October 9, 2020, the Alabama Court of Criminal Appeals issued a memorandum opinion affirming the circuit court's judgment. (Doc. 13-12.) Little applied for rehearing, which was overruled. (Doc. 13-13.)

---

[3] Courts have consistently rejected arguments that the One-Third or 10-Year Rule entitles an inmate to parole consideration after ten years, finding that the rule did not set a mandatory date for a prisoner's parole hearing, but set a minimum time that must be served before the Board could consider a prisoner for parole. *See, e.g.*, *Massey v. Alabama Bd. of Pardons & Paroles*, No. 19-11336-C, 2019 WL 3072580, at *1 (11th Cir. June 27, 2019); *Brooks v. Alabama Bd. of Pardons & Paroles*, No. 2:16-cv-891-MHT-SMD, 2019 WL 2290481, at *4 (M.D. Ala. Apr. 8, 2019).

On January 29, 2021, after overruling Little's application for rehearing, the Alabama Court of Criminal Appeals issued a substituted memorandum opinion again affirming the circuit court's judgment. (Docs. 13-13, 13-14.) Little filed a petition for writ of certiorari with the Alabama Supreme Court (Doc. 13-15), and on May 14, 2021, the Alabama Supreme Court denied the petition (Doc. 13-19).

**D.     Little's § 2254 Petition**

On May 27, 2021, Little filed the pending § 2254 petition asserting that the Board violated his rights by setting his initial parole consideration date beyond the date he says he became eligible.[4] ( Doc. 1.) Respondents argue, among other things, that Little's petition is time-barred by the AEDPA's statute of limitations. (Doc. 13.)

## II.   DISCUSSION

Title 28 U.S.C. § 2244(d) of the AEDPA provides the statute of limitations for federal habeas petitions and states:

> (1) A 1 year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of—
>
> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;

---

[4] In July 2021, Little amended his § 2254 petition to add a claim that does little more than allege the Alabama Supreme Court erred by denying his petition for writ of certiorari in the appellate proceedings related to his second petition for common law writ of certiorari. (Doc. 7.)

4

>   (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
>   (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
>
>   (2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

28 U.S.C. § 2244(d).

In *Brown v. Barrow*, 512 F.3d 1304, 1307 (11th Cir. 2008), the Eleventh Circuit recognized that the one-year limitation period for habeas claims challenging parole board decisions affecting the duration of a petitioner's state confinement begins to run on "the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence," as provided in subsection (D) of § 2244(d)(1) ("We join our sister circuits in deciding that subsection D, and not subsection A, applies in this circumstance.") Little challenges the Board's decision setting his initial parole consideration date using the 85% or 15-Year Rule and not the One-Third or 10-Year Rule. (Doc. 1). The Board informed Little of his initial parole consideration date on March 14, 2005, telling him that his initial parole consideration was scheduled for the Board's December 2018 docket. (Doc. 13-2.) Therefore, under *Brown*, the one-year limitation period for Little to file a § 2254 petition began to run on the date of the Board's March 14, 2005 notification to him. Absent a statutory or equitable tolling event, Little had one year

from March 14, 2005—i.e., until March 14, 2006—to file his § 2254 petition challenging the Board's decision.

In Alabama, there is no direct appeal procedure for an inmate to challenge decisions by the Board. *See Ray v. Mitchem*, 272 F. App'x 807, 809 (11th Cir. 2008). Instead, the proper method to challenge decisions by the Board in the state court is to petition for a common law writ of certiorari in the Circuit Court of Montgomery County. *Samuels v. Alabama Bd. of Pardons & Paroles*, 687 So.2d 1287, 1288 (Ala. Crim. App. 1996). Such a petition is an "application for state post-conviction or other collateral review." *See* 28 U.S.C. § 2244(d)(2). Under § 2244(d)(2), the time during which a properly filed application for state post-conviction or other collateral review is pending is not counted toward the AEDPA's one-year limitation period. Consequently, a properly filed petition for common law writ of certiorari will activate tolling under § 2244(d)(2).

Little filed his first petition for common law writ of certiorari in the Circuit Court of Montgomery County on August 29, 2012. But by that time, the AEDPA's statute of limitations for Little to challenge the Board's decision had long since run, having expired on March 14, 2006. Thus, there was nothing left of the limitation period to be affected by § 2244(d)(2) tolling. "A state court petition . . . that is filed following the expiration of the limitations period cannot toll that period because there is no period remaining to be tolled." *Webster v. Moore*, 199 F.3d 1256, 1259 (11th Cir. 2000). Little's § 2254 petition is therefore untimely under the limitation period in § 2244(d)(1)(D).

Even if this court were to consider, in the alternative, that "the factual predicate of the claim or claims presented" in Little's § 2254 petition was the (much later) date on which

6

the Board notified Little that his initial parole consideration had taken place and that he had been denied parole, Little's § 2254 petition is still untimely under § 2244(d)(1)(D). The Board sent Little a notification letter on January 25, 2019, informing him of its decision two days earlier denying him parole at his initial parole consideration. Using January 25, 2019, as the § 2244(d)(1)(D) triggering date, Little had until January 25, 2020, absent any statutory or equitable tolling, to file his § 2254 petition. Little filed his second petition for common writ of certiorari on March 31, 2020. That filing came too late to afford Little tolling under § 2244(d)(2), because, under this alternative scenario, the AEDPA's one-year limitation period had expired over two months earlier, on January 25, 2020.

Little sets forth no facts or arguments to establish a statutory tolling event under 28 U.S.C. § 2244(d)(1)(B) or (C); i.e., he has not shown that an unlawful state action impeded him from filing a timely § 2254 petition or that his claims are based on a right newly recognized by the United States Supreme Court and made retroactively applicable to cases on collateral review. Because § 2244(d)(1)(D) provides the statute of limitations in Little's case and Little does not benefit from any statutory tolling event, Little's § 2254 petition filed on May 27, 2021, was untimely under the AEDPA's one-year statute of limitations.

The federal limitation period may be equitably tolled on grounds besides those specified in the AEDPA "when a movant untimely files because of extraordinary circumstances that are both beyond his control and unavoidable with diligence." *Sandvik v. United States*, 177 F.3d 1269, 1271 (11th Cir. 1999). A petitioner is entitled to equitable tolling "only if he shows (1) that he has been pursuing his rights diligently, and (2) that

7

some extraordinary circumstance stood in his way and prevented timely filing." *Holland v. Florida*, 560 U.S. 631, 649 (2010). "The petitioner bears the burden of showing that equitable tolling is warranted." *Hunter v. Ferrell*, 587 F.3d 1304, 1308 (11th Cir. 2009).

Little suggests he is entitled to equitable tolling because, he says, he could not file a § 2254 petition while he was incarcerated by the federal bureau of prisons. (Doc. 1 at 13.) But he fails to show how his incarceration in federal prison constituted an impediment to filing a § 2254 petition. Little brings forth no evidence that he is entitled to equitable tolling, and the court knows of no reason that would support tolling of the limitation period in his case.

Little's § 2254 petition is time-barred under 28 U.S.C. § 2244(d)(1)(D), and his claims are therefore not subject to habeas review.

### III.   CONCLUSION

Accordingly, it is the RECOMMENDATION of the Magistrate Judge that the § 2254 petition for writ habeas corpus filed by Little be DENIED as untimely under 28 U.S.C. § 2244(d)(1)(D) and that this case be DISMISSED with prejudice.

It is further ORDERED that the parties shall file any objections to this Recommendation by **June 25, 2024**. A party must specifically identify the factual findings and legal conclusions in the Recommendation to which objection is made; frivolous, conclusive, or general objections will not be considered. Failure to file written objections to the Magistrate Judge's findings and recommendations in accordance with 28 U.S.C. § 636(b)(1) will bar a party from a de novo determination by the District Court of legal and factual issues covered in the Recommendation and waives the right of the party to

challenge on appeal the District Court's order based on unobjected to factual and legal conclusions accepted or adopted by the District Court except upon grounds of plain error or manifest injustice. *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. 1982); 11th Cir. R. 3 1. *See Stein v. Lanning Sec., Inc.*, 667 F.2d 33 (11th Cir. 1982). *See also Bonner v. City of Prichard*, 661 F.2d 1206 (11th Cir. 1981) (en banc).

DONE this 11th day of June 2024.

/s/ Charles S. Coody
CHARLES S. COODY
UNITED STATES MAGISTRATE JUDGE